LINCOLN MILLINERY CO. v. A. WEINFIELD, INC.

(November 3, 1930.  Opinion and Decree.)
(November 17, 1930.  Rehearing Refused.)

Lazarus, Weil & Lazarus, of New Orleans, attorneys for plaintiff, appellee.

Feitel & Feitel, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.  This is a suit for $1,279.50, the purchase price of certain hats which defendant is alleged to have bought from plaintiff.  On April 3, 1928, Leonard Weinfield, the manager of defendant corporation, called at the place of busi-

ness of plaintiff in Chicago and was shown certain women's hats described in the invoice as "silk hairs," "small rock hemps," "azures," and "hair flops." He seemed to be satisfied with the appearance of the hats and the price asked for them and gave his order for all of lots 1527—39—35, 500—502, and 945, requesting immediate shipment to New Orleans where the defendant conducts a millinery establishment. When the hats arrived in New Orleans the defendant selected thirteen dozen out of the shipment and returned the remainder, together with its check for the thirteen dozen hats retained. The check was returned to defendant and the shipment of hats rejected.

The position of the defendant company is that it did not buy more than fifteen or twenty dozen hats and that the plaintiff "stuffed the order" so as to include sixty-eight dozen. Plaintiff, of course, denies shipping more hats than were purchased.

Wienfield, who bought the hats in Chicago, testified that he bought the entire lot containing the various styles as they were exhibited to him in plaintiff's place of business. The hats were in boxes and he was shown a sample of each variety. He claims that his experience as a hat buyer convinces him that the containers exhibited could not possibly have held more than fifteen or twenty dozen hats. On the other hand, the president of the plaintiff corporation and two of its employees, whose testimony was taken by commission, said that immediately upon the conclusion of the sale the hats were taken to the shipping room and counted and the number of hats ascertained and Weinfield advised of the extent of his purchase.

The evidence of plaintiff clearly preponderates, and we, like the judge of the trial court, believe that Weinfield was mistaken. This view is fortified by the testimony of

Weinfield that he had, on the same day, purchased several hundred dozen hats from other jobbers in Chicago, because it thus appears that sixty-eight dozen hats would not be an unusually large purchase for the requirements of Weinfield's business.

There were other defenses raised below and argued in this court, but with no apparent confidence, the main reliance of defendant being upon the question of fact as to the quantity of hats it bought. In any event the other defenses have not impressed us as serious, and we refrain from comment thereon.

For the reasons assigned the judgment appealed from is affirmed.